# EXHIBIT A

| | |
|---|---|
| State of Illinois | ) |
| | ) ss |
| County of St. Clair | ) |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Danny Allison, declare under penalty of perjury the following:

At all relevant times I have been a Detective Sergeant with the Caseyville Illinois Police Department and a Special Deputized Task Force Officer for the United States Secret Service ("USSS"). The contents of this Declaration are based on information provided to me during the course of my investigation from participants in the criminal activity, from other witnesses, and from other law enforcement officers.

1. On Wednesday, October 18, 2023, Officer Richard Smith with the Waterloo Police Department spoke with a Waterloo resident (M.S.) in reference to a Fraud Report.

2. M.S. stated that on October 17, 2023, she received an alert on her Apple computer stating the device was infected with a virus. The alert provided a phone number to call. M.S. stated she called the number and was connected with an individual with a middle eastern accent. M.S. stated the individual instructed her to wait for another phone call, where further instructions would be provided.

3. M.S. advised she received a call from a phone number with a Texas area code where another individual with a similar accent claimed to be with the "bank fraud department." This individual told M.S. that child pornography had been traced to her computer and they needed money to remove it.

4. M.S. stated she was instructed to purchase $14,680.00 of Bitcoin and send it to the crypto currency wallet provided. M.S. stated she withdrew the fiat currency from the bank and drove to a Mobil on the Run Gas Station in St. Louis, Missouri. M.S. stated the individual

she spoke with on the phone instructed her where to make the purchase. M.S. made the purchase using a Bitcoin kiosk and sent the currency to the crypto wallet using the QR code provided.

5. M.S. provided Officer Smith with the phone number that contacted her. Officer Smith performed a TLO records search of the number; however, there was no record of that number ever being used in the United States. While speaking with M.S., the subject called again. M.S. requested Officer Smith speak with the subject. Officer Smith spoke with a male who stated he was with the Apple Tech Support. Upon identifying himself as a police officer, the subject asked to speak with M.S. When denied, the subject hung up. Officer Smith attempted to call the number back with negative results.

6. Officer Smith photographed the receipt for the Bitcoin purchase as well as the QR code sent by the suspects. Officer Smith then provided M.S. advice regarding scams and encouraged her to have her computer checked in person by an Apple technician.

7. Based on analysis performed by law enforcement, M.S.'s Bitcoin transaction was sent to Wallet Address: bc1qte8kknwqd30mefuhumz6fgkednq944vd799e9u. M.S.'s funds were then transferred to another Wallet Address identified as: bc1q5lkckwyl3vlvw45fahfy74vryzwaxpenawmrdc. The Bitcoin sat in this Wallet Address until October 27, 2023, when it was moved to another Wallet Address: 1ERijxJWwNY8RbtGJfa1BZK1TZteDEsLyC. Based on blockchain analysis, the '1ERijxJWwNY8RbtGJfa1BZK1TZteDEsLyC' address is associated with the cryptocurrency exchange Binance, and more specifically, User ID 505137746.

8. On or about October 27, 2023, law enforcement requested the account information associated with User ID 505137746 from Binance. According to Binance records, Binance User ID 505137746 is in the name of KUSUM KUMARI. The user picture in the Binance records show a woman who appears to be of South Asian descent.

9. Based on the user's account information, as well as identity documents and access logs, law enforcement does not believe the individual responsible for the fraud resides within the United States but is likely conducting the illegal activities from India.

10. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

11. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

12. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

13. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

14. On December 19, 2023, agents with the USSS seized the following cryptocurrency from Binance User ID 505137746:

    a. 0.01415 BTC;

    b. 8,570.350958 USDT;

    c. 188.02717025 MATIC; and

    d. 0.7600 AVE.

15. One December 22, 2023, agents with the USSS seized an additional 0.75283467 BTC from Binance User ID 505137746.

16. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that the cryptocurrency seized from Binance account User ID 505137746, and more fully described in paragraphs 14 and 15 above:

    a. Are funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

    b. Were involved in a money laundering violation of 18 U.S.C. § 1956 and 1957;

    c. Are subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C);

    d. Are subject to forfeiture in the United States under 18 U.S.C. sections 981(b) and 981(b)(3).

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of January, 2024.

                                            Det. Sgt. Danny Allison #536
                                            Danny Allison
                                            Task Force Officer
                                            United States Secret Service